**AFFIRMED and Opinion Filed July 30, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00690-CV

## IN THE ESTATE OF BEATRICE G. LOVELL, DECEASED

**On Appeal from the Collin County Probate**
**Collin County, Texas**
**Trial Court Cause No. PB1-1461-2017**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Mario Villarreal, the son of Beatrice G. Lovell, appeals the probate court's final order adjudicating a document as a community property survivorship agreement and ordering that Lovell's husband, Jimmy Ray Lovell, take under that agreement all of Beatrice's property at the time of her death. We affirm.

### FACTUAL BACKGROUND

Beatrice and Jimmy Ray were married for forty-five years. During their marriage, the couple printed a form "joint and mutual will" from an internet website. The document contained nine paragraphs. In paragraph IV, the couple stated their mutual agreement to execute a joint and mutual will, "leaving to the survivor all property, real and personal, of the party first to die, and on the death of the survivor," leave all of his or her property "to our children equally, share and share alike." In paragraph V, they stated their "desire" that the "survivor of us shall have

absolutely and in fee simple all the property, real, personal, or mixed, which either or both of us may own or have any interest in at the death of the one of us first to die." Beatrice and Jimmy Ray both signed the document but did not have it witnessed.

In 2016, Beatrice died. Jimmy Ray filed an application to probate the joint and mutual will and for issuance of letters testamentary. Mario, Beatrice's son from a prior marriage, filed a will contest alleging, among other things, that the will was not valid because it was not attested to by witnesses as required by law. Jimmy Ray then filed an application to adjudicate the document as a community property survivorship agreement.

The probate court conducted a bench trial and began by observing that the document could not be "received as a will" because it lacked necessary witness signatures. The question was whether the instrument could be construed as a community property survivorship agreement.

Two witnesses testified. Herbert Villarreal, another son of Beatrice's, testified that he had seen his mother's signature many times and the signature on the document was hers. Jimmy Ray testified he and his wife executed a document they thought was a will. When asked if it was his intention "to give either one to the other all of your property when the first one died," Jimmy Ray said it was.[1] Although he acknowledged he had never heard the term "community property agreement," he said he and his wife discussed "that if I die, she gets property or if she dies, I'd get the property." But, Jimmy Ray said he did not go to law school and it did not matter to him what the document was called because its contents accomplished what he and his wife were trying to achieve.

---

[1] Jimmy Ray said that if they died at the same time, they wanted the property to go to "the four children." At another time, he testified his wife wanted the property to go to "our daughter."

At the conclusion of the evidence, the probate court determined the document constituted a community property survivorship agreement and ordered, among other things, that Jimmy Ray take under the agreement all of the property of Beatrice. Mario appealed.

DISCUSSION

In his sole issue, Mario contends the trial court erred in finding the invalid will was a community property survivorship agreement. Specifically, he contends there could be no "meeting of the minds" necessary to create such an agreement under chapter 112 of the Texas Estates Code because Jimmy Ray had never heard of such an agreement and because Jimmy Ray and Beatrice intended to execute a will.

A "community property survivorship agreement" means an agreement between spouses creating a right of survivorship in community property. TEX. EST. CODE ANN. § 112.001. Spouses may, at any time, agree between themselves that all or part of their community property, then existing or to be acquired, becomes the property of the surviving spouse on the death of a spouse. *Id.* § 112.051. Such an agreement must be in writing and signed by both spouses. *Id.* § 112.052(a). A written agreement signed by both spouses is sufficient to create a right of survivorship in community property if it includes the phrases "with right of survivorship," "will become the property of the survivor," "will vest in and belong to the surviving spouse," or "shall pass to the surviving spouse." *Id.* § 112.052(b). Even if those phrases are not used, however, a community property survivorship agreement that otherwise meets the requirements of chapter 112 is effective. *Id.* § 112.052(c). A surviving spouse may apply to the court for an order stating that a community property survivorship agreement satisfies the requirement of chapter 112 and is effective to create a right of survivorship in community property. *Id.* § 112.101.

As required by the statute, the document at issue here was in writing and signed by both Jimmy Ray and Beatrice. In it, both parties expressed their intent that on the death of one of them,

–3–

the other would have "absolutely and in fee simple" all property which either or both owned or had any interest in "at the death of the one of us to first die." While that language does not utilize the exact wording of the phrases set out in section 112.052(b), it clearly creates a survivorship right in the couple's community property and all other property. We conclude the document meets the statutory requirements of a community property survivorship agreement.

Mario's sole argument is there is no "meeting of the minds" because the parties intended to "create a will." He asserts the document is titled "JOINT AND MUTUAL WILL" in boldface type, does not mention a community property survivorship agreement, states the parties' mutual agreement to "execute a joint and mutual will," and has no other purpose stated. While we agree the form document presented as a joint and mutual will, we also conclude Mario's argument elevates form over substance.

The content of the document establishes that Jimmy Ray and Beatrice intended to make a disposition of their property after death. By signing the document, they agreed all property that they owned went to the surviving spouse when the other spouse died, and on the death of the survivor, all property went to their children. As Jimmy Ray testified, it did not matter what legal term was given to the document, joint and mutual will or community property survivorship agreement; what mattered was the substance of the document and what he and his wife were aiming to accomplish.

Mario advances no other reason, in law or in fact, to preclude interpreting the document to meet the statutory requirements of something other than a will. Accordingly, under the circumstances presented here, we conclude the probate court did not err in adjudicating the instrument as a community property survivorship agreement. We overrule the sole issue.

–4–

We affirm the trial court's final order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

180690F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF BEATRICE G
LOVELL, DECEASED

No. 05-18-00690-CV

On Appeal from the Collin County Probate,
Collin County, Texas
Trial Court Cause No. PB1-1461-2017.
Opinion delivered by Justice Reichek;
Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the final order of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Jimmy Ray Lovell recover his costs of this appeal from
appellant Mario Villarreal.

Judgment entered July 30, 2019.